UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

SAMUEL JACKSON,                )
                               )
  Plaintiff,                  )
                               )
  v.                          )         13-CV-3067
                               )
WARDEN GUY PIERCE,             )
CORRECTIONAL OFFICER           )
JAMES FITZGERALD, and          )
NURSE SUSAN K. PIERMAN         )
                               )
  Defendants.                 )

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

    Plaintiff, incarcerated and proceeding pro se, seeks leave to proceed in forma pauperis. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

    After reviewing Plaintiff's Complaint and exhibits, the Court concludes that Plaintiff states an arguable First Amendment claim that Defendants Fitzgerald and Pierman retaliated against Plaintiff for Plaintiff's grievances against them. According to Plaintiff, this retaliation took the form of depriving Plaintiff of sanitary conditions in which to take his daily insulin shot and false disciplinary tickets

against Plaintiff.  Plaintiff has since been transferred to a different correctional center.

Plaintiff also states an arguable equal protection claim against Defendant Fitzgerald.  Plaintiff alleges that Fitzgerald refused to allow black inmates to talk or bring books to the health care unit, while allowing white and hispanic inmates to do so.

However, Plaintiff states no plausible claim against Warden Pierce.  Warden Pierce cannot be held liable for his employees' constitutional violations solely because Warden Pierce is in charge. <u>Chavez v. Illinois State Police</u>, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior liability under § 1983).  Warden Pierce can only be liable if he directed, participated in, personally approved of, or turned a blind eye to the constitutional violations.  <u>Matthews v. City of East St. Louis</u>, 675 F.3d 703, 708 (7th Cir. 2012)("To show personal involvement, the supervisor must 'know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.'")(quoted cite omitted).

**IT IS THEREFORE ORDERED:**

1)   Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states the following

constitutional claims: 1) First Amendment retaliation claim against Defendants Fitzgerald and Pierman for allegedly retaliating against Plaintiff for Plaintiff's grievances; and, 2) a Fourteenth Amendment equal protection claim against Defendant Fitzgerald for allegedly not allowing black inmates to bring books to or talk in the prison health care unit while allowing white and Hispanic inmates to do so. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

    2)    Defendant Pierce is dismissed, without prejudice, for failure to state a claim against him.

    3)    If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

    4)    With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant

worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

6) Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service shall be stricken by the Court.

7) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that

Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8) This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on July 1, 2013 at 1:30 p.m., or as soon as the Court can reach the case, before U. S. District Judge Sue E. Myerscough by telephone conference. The conference will be cancelled if service has been accomplished and no pending issues need discussion. Accordingly, no writ shall issue for Plaintiff's presence unless directed by the Court.

9) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address

or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO** send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) this order.

ENTERED: April 24, 2013

FOR THE COURT:

                         **s/Sue E. Myerscough**
                         SUE E. MYERSCOUGH
               UNITED STATES DISTRICT JUDGE